UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITY SELF STORAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:16-CV-854 |
| | § | |
| LEXINGTON INSURANCE COMPANY | § | |
| and GLENN HOLLMULLER, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT LEXINGTON INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Lexington Insurance Company ("Lexington") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states as follows:

## I.
## <u>INTRODUCTION</u>

1. Plaintiff Security Self Storage ("Plaintiff") commenced this lawsuit on August 3, 2016, by filing Plaintiff's Original Petition ("Petition") in the 43rd District Court of Parker County, Texas.

2. Plaintiff's Petition names Lexington and Glenn Hollmuller ("Hollmuller") as Defendants. Hollmuller was an adjuster assigned to Plaintiff's insurance claim which made the basis of this lawsuit.

3. Plaintiff's Petition includes the following causes of action against both Lexington and Hollmuller:

- Breach of contract;
- Unfair Settlement Practices under §541.060(a) of the Texas Insurance Code;
- Prompt Payment of Claims violations under Chapter 542 of the Texas Insurance Code;

- Deceptive Trade Practices under the DTPA; and
- Breach of the common law duty of good faith and fair dealing.[1]

4. Hollmuller was served with Plaintiff's Petition on August 17, 2016. Lexington has not been served at this time.

5. Lexington files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

6. Hollmuller need not consent to removal as Lexington contends that Hollmuller was improperly joined.[2] However, to the extent necessary Hollmuller consents to this Notice of Removal as the undersigned attorneys represent both Lexington and Hollmuller.

## II.
## BASIS FOR REMOVAL

7. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

8. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.** **Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and Lexington**.

9. Plaintiff's Petition states that Plaintiff is a "Texas based company doing business in the State of Texas."[3] Plaintiff is a citizen of Texas for purposes of diversity of citizenship.

---

[1] *See* Plaintiff's Original Petition at pp. 7-10.

[2] *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[3] *See* Plaintiff's Original Petition at p.1. However, upon information and belief, Plaintiff's corporate certificate and/or registration was involuntarily terminated by the Texas Secretary of State. Thus, although Plaintiff proclaims to be a Texas resident, Lexington contends that Plaintiff is ultimately an inactive entity and lacks capacity to bring this lawsuit in the State of Texas.

10. Lexington is an insurance carrier organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. Lexington is a citizen of both Delaware and Massachusetts for diversity jurisdiction purposes.

11. Hollmuller is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. Plaintiff does not have a reasonable possibility of recovery from Hollmuller in this lawsuit. Hollmuller's citizenship should therefore be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Lexington (now and on the date Plaintiff filed this lawsuit).

*(i)  Plaintiff improperly joined Hollmuller to defeat this Court's diversity jurisdiction.*

12. A defendant such as Hollmuller is improperly joined when there is (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant.[4] This second condition is met when there is no reasonable possibility that the plaintiff might recover against the improperly-joined in-state defendant.[5] A "reasonable possibility" is more than a mere hypothetical possibility that an action against the non-diverse defendant *could* exist.[6]

13. Per the Fifth Circuit, the improper joinder analysis requires an examination of Plaintiff's Petition under the Federal pleading standard.[7] This requires Plaintiff to plead

---

[4] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[5] *See id.*

[6] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[7] *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 200-08 (5th Cir. 2016) ("And, because *Smallwood* requires us to use the Rule 12(b)(6)-type analysis, we have no choice but to apply the federal pleading standard embodied in that analysis."); *see also Petree v. Metro Lloyds Ins. Co. of Texas*, 2016 WL 3095092, at *2 (N.D. Tex. June 2, 2016) ("Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the

"enough facts to state a claim to relief that is plausible on its face."[8] Stated differently, Plaintiff's Petition must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9]

14. As set forth below, Plaintiff's Petition fails to demonstrate a reasonable possibility of recovery against Hollmuller in this lawsuit. Each cause of action asserted against Hollmuller only details a speculative and hypothetical right to recovery.

### *(ii) Plaintiff has no reasonable possibility of recovery against Hollmuller for violations of Chapter 541 of the Texas Insurance Code.*

15. Plaintiff's Petition alleges that Hollmuller committed the following violations of Section 541.060(a) of the Texas Insurance Code:

- Section 541.060(a)(1) – misrepresenting a material fact or policy provision related to coverage;

- Section 541.060(a)(2)(A) – failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

- Section 541.060(a)(3) – failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;

- Section 541.060(a)(4) – failing to affirm or deny coverage in a reasonable time; and

- Section 541.060(a)(7) – refusing to pay a claim without conducting a reasonable investigation.[10]

---

federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant.").

[8] *Petree*, 2016 WL 3090592, at *3 (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

[10] See Plaintiff's Original Petition at pp. 7-8.

16. However, the courts of this District have found each of these *exact* allegations insufficient to support an independent cause of action against adjusters like Hollmuller.[11] Texas law permits claims adjusters to be held individually liable for violations of the Texas Insurance Code.[12] "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by the [Code], not just be connected to an insurance company's denial of coverage."[13] In other words, an adjuster cannot be held individually liable for violations of the Texas Insurance Code unless there is an *independent injury* to the plaintiff that is *separate* from the contractual damages arising from the carrier's alleged breach of contract.[14] Absent actual damages, other than the unpaid policy benefits, there is no cause of action against an adjuster under Chapter 541 of the Texas Insurance Code.[15]

17. Here, Plaintiff's Petition includes a group of alleged statutory violations under Chapter 541 of the Texas Insurance Code against Hollmuller, but the Petition fails to explain how Hollmuller's alleged conduct gave rise to any injury distinct from unpaid Lexington policy benefits. Instead, the crux of Plaintiff's factual allegations against Hollmuller relate directly to unpaid policy benefits. Plaintiff's factual allegations against Hollmuller repeatedly highlight the

---

[11] *See, e.g., Together 6 LLC v. Burlington Ins. Co.,* 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, T.) (holding that the plaintiff failed to state viable claims against an adjuster under §§541.060(a)(1), (a)(2)(A), (a)(3), (a)(4), and (a)(7) of the Texas Insurance Code.

[12] *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.).

[13] *Id.* "[E]ven though an adjuster is a "person" [against whom claims may be asserted] under the Insurance Code, an adjuster cannot be held liable for violation of the Code unless he causes an injury distinguishable from the insurer's actions." *Aguilar v.State Farm Lloyds*, No. 4:15–CV–565–A, 2015 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (McBryde, J.). "In other words, the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage." *Id.*

[14] *See, e.g., Charla D. Aldous, PC v. Lugo*, No. 3:13-CV-3310-L, 2014 WL 5879216, at *4-6 (N.D. Tex., Nov. 12, 2014) (Lindsay, S.) ("the Texas Supreme Court left no doubt that an independent injury was required to recover under the Texas Insurance Code.").

[15] *See, e.g., Messersmith*, 2014 WL 3406686 (finding no reasonable possibility of recovery against an adjuster for, in part, lack of independent injury).

"improper denial" of policy benefits, largely through a denial letter issued by Hollmuller that set forth Lexington's coverage determination.[16] Plaintiff has not pled any facts demonstrating an additional and independent injury, meaning Plaintiff does not have a reasonable possibility of recovery against Hollmuller under Chapter 541 of the Texas Insurance Code.

> *(iii)   Plaintiff has no reasonable possibility of recovery against Hollmuller for violations of Chapter 542 of the Texas Insurance Code.*

18.   Plaintiff has no reasonable possibility of recovery with respect to its claims against Hollmuller under Chapter 542 of the Texas Insurance Code – *i.e.,* Texas' Prompt Payment of Claims Act. Plaintiff's Petition seeks recovery from Hollmuller for alleged violations of Sections 542.055, 542.056, and 542.058.[17] However, as the courts of this District have aptly noted, "the Prompt Payment of Claims Act applies only to *insurers*"– not individual adjusters like Hollmuller.[18] As a result, Plaintiff's Petition fails to assert a viable cause of action against Hollmuller under any section of Chapter 542 of the Texas Insurance Code.

> *(iv)   Plaintiff has not demonstrated a reasonable possibility of recovery against Hollmuller for violations of the DTPA.*

19.   Plaintiff's allegations against Hollmuller under the DTPA leave Plaintiff with no reasonable possibility of recovery.  As recognized by this Court, Plaintiff's obligation to "provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[19] Plaintiff's claims under the DTPA consist of nothing more than labels, conclusions, and a formulaic recitation of statutory

---

[16]   *See, e.g.,* Plaintiff's Original Petition at p. 3.

[17]   *See* Plaintiff's Original Petition at pp. 8-9.

[18]   *Messersmith*, 10 F. Supp. 3d at 723 (N.D. Tex. 2014); Tex. Ins. Code § 542.052.

[19]   *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009) (McBryde, J.) (quoting *Twombly,* 550 U.S. 544, 55).

elements.[20] Moreover, Plaintiff's Petition regularly combines the actions of Hollmuller and Lexington. In fact, these conclusory causes of action do not ever reference Hollmuller or Lexington in their individual capacity, as the Petition specifically fails to delineate which of the "Defendants" purportedly committed the alleged wrongdoing.

### *(v)   Plaintiff has no reasonable possibility of recovery against Hollmuller for breach of contract and breach of the duty of good faith and fair dealing.*

20.   Plaintiff's claims against Hollmuller for breach of contract and breach of the duty of good faith also fail. Plaintiff entered into an insurance contract with Lexington, not Hollmuller. "Generally, if an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal."[21] And further, "a duty of good faith and fair dealing does not exist in the insurance context without a contract creating a special relationship between the parties."[22] As held by the Supreme Court of Texas, the general rule is that there is no viable claim for common law bad faith in the absence of a breach of contract.[23]

21.   Here, Plaintiff's Petition concedes that "at all times, Adjuster Glenn Hollmuller who adjusted the claim made basis of this suit [was] in the course and scope of employment for Defendant Lexington Insurance Company and [was] acting as a [a] duly authorized representative with actual and apparent authority from Defendant Lexington."[24] Accordingly, Hollmuller was acting within the scope of his authority, and Plaintiff has not pled any facts to show that Hollmuller should be personally liable on the insurance contract between Plaintiff and

---

[20]   *See* Plaintiff's Original Petition at pp. 9-10.

[21]   *French v. State Farm Ins. Co.*, 156 F.R.D 159, 162 (S.D. Tex. 1994).

[22]   *Zimmerman v. Travelers Lloyds of Texas Ins. Co.*, 2015 WL 3971415, at *3 (W.D. Tex. June 30, 2015).

[23]   *See Republic Ins. Co. v. Stroker,* 903 S.W.2d 338, 341 (Tex. 1995).

[24]   *See* Plaintiff's Original Petition at p. 11.

Lexington. Because Plaintiff has no reasonable possibility of recovery against Hollmuller for breach of contract, Plaintiff also has no viable cause of action against Hollmuller for breach of the duty of good faith and fair dealing.

22. And again, Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing do not delineate between the actions of Hollmuller and Lexington. Neither Lexington nor Hollmuller are ever referred to in their individual capacity. The purely conclusory causes of action do not demonstrate that Plaintiff has a reasonable possibility of recovery against Hollmuller for breach of contract and common law bad faith.

### *(vi) Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.*

23. Not only has Plaintiff failed to demonstrate a reasonable possibility of recovery from Hollmuller, but Plaintiff's Petition also bears a "badge of improper joinder" recognized by this Court.[25] In particular, Plaintiff has no "plausible reason for suing [Hollmuller] other than to defeat diversity jurisdiction."[26] There is no credible reason why a favorable judgment on Plaintiff's claims against Lexington (if warranted) would fail to afford Plaintiff full and complete relief. Nor is there any "suggestion that a recovery by [P]laintiff against [Hollmuller] would provide any financial gain to [P]laintiff."[27] Because the core of Plaintiff's Petition is that Lexington failed to pay what Plaintiff feels it is owed under the Lexington policy, it is clear that Plaintiff's claims against Hollmuller are intended solely to deprive this Court of jurisdiction.

---

[25] *See Plascencia v. State Farm Lloyds,* Civ. A. 4:14-CV-00524-A, at 14 (N.D. Tex. Sept. 25, 2014) (Mem. Op.) (McBryde, J.); *see also Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 724-25 (N.D. Tex. 2014) (Solis, J.).

[26] *See Plascencia* at 15-18.

[27] *Id*. at 16 (quoting *Dougherty v. State Farm Lloyds*, No. 4:01-CV-611-A, 2001 WL 1041817, at *2 (N.D. Tex. Aug. 30, 2001)).

**B.      Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

24.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorney's fees, Lexington's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[28]

25.     Here, Plaintiff's Petition states that Plaintiff seeks to recover over $1,000,000.[29] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

26.     Plaintiff has failed to demonstrate any reasonable possibility of recovering on the claims asserted against Hollmuller. Accordingly, Hollmuller's citizenship should be disregarded for purposes of determining diversity. Because diversity of citizenship exists between Plaintiff and Lexington, and the amount in controversy in this lawsuit exceeds $75,000, removal is proper.

27.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Parker County, Texas promptly after the filing of this Notice.

28.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

   a.      an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in

---

[28] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[29] Plaintiff's Original Petition at p. 1.

state court (if applicable);

      b.    a copy of the docket sheet in the state court action;

      c.    each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

      d.    a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

29.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be promptly given to all adverse parties.

WHEREFORE, Defendant Lexington Insurance Company requests that this action be removed from the 43rd District Court of Parker County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Brett A. Wallingford*
Brett A. Wallingford
State Bar No. 00797618
Bwallingford@zelle.com
Tyler J. McGuire
State Bar No. 24098080
Tmcguire@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:	214-742-3000
Facsimile:	214-760-8994

**ATTORNEYS FOR DEFENDANTS LEXINGTON INSURANCE COMPANY AND GLENN HOLLMULLER**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served this 13th day of September 2016, in accordance with the Federal Rules of Civil Procedure:

David L. Chumbley
State Bar No. 24032069
davidchumbleypc@gmail.com
LAW OFFICES OF DAVID L. CHUMBLEY, P.C.
400 Chisholm Place, Suite 101
Plano, Texas 75075
Telephone:	972-516-8808
Facsimile:	972-516-8819
*Attorney for Plaintiff*

   */s/ Brett A. Wallingford*
Brett A. Wallingford