IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SECURITY SELF STORAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00854-O |
| | § | |
| LEXINGTON INSURANCE COMPANY and GLENN HOLLMULLER, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Security Self Storage's ("Security") Motion to Remand, with Brief in Support (ECF No. 7), filed October 12, 2016; and Defendant Lexington Insurance Company's ("Lexington") Verified Plea in Abatement (ECF No. 5), filed October 12, 2016. The motions have been briefed and are ripe for review. ECF Nos. 11, 12, 13. Having considered the motions, the briefing, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be and is hereby **GRANTED**; Defendant's Verified Plea in Abatement should be and is hereby **DENIED as moot**.

## I.     BACKGROUND

The following facts are taken from Lexington's Notice of Removal and Security's Original Petition. ECF Nos. 1, 1-3. Lexington is an insurance carrier organized under the laws of Delaware with its principal place of business in Boston, Massachusetts. Notice Removal 3, ECF No. 1. Lexington is a citizen of both Delaware and Massachusetts for the purpose of diversity jurisdiction. *Id*. Security is a Texas based company doing business in the State of Texas. Orig. Pet. 1, ECF No. 1-3.

1

Lexington insured Security's commercial property for wind and hail loss from December 28, 2012 through March 4, 2015. *Id.* at 2. On or about May 15, 2013, Security's property sustained substantial and severe wind and hail damage. *Id.* at 3. Defendant Glen Hollmuller, a Texas resident, was assigned as the adjuster for Security's claim. *Id.* Security alleges that Hollmuller conducted a limited and result-oriented investigation of Security's claim. *Id.* Lexington, through Hollmuller, denied coverage of Security's hail damage claim. *Id.*

Security brought suit against Lexington and Hollmuller for breach of contract; unfair settlement practices under § 541.060(a) of the Texas Insurance Code; prompt payment of claims violations under Chapter 542 of the Texas Insurance Code; deceptive trade practices; and breach of the common law duty of good faith and fair dealing. *Id.* at 7–11.

Lexington removed to federal court on the basis of diversity jurisdiction, alleging that Hollmuller was improperly joined for the purpose of defeating diversity jurisdiction. Notice of Removal 3–4, ECF No. 1. Lexington then filed a Verified Plea in Abatement, alleging Security failed to provide timely pre-suit notice of its claims, and Security moved to remand the case to state court, arguing Hollmuller was properly joined and diversity jurisdiction does not exist. ECF Nos. 5, 7. As the Court concludes that Security's motion to remand should be granted, it does not have subject matter jurisdiction over Lexington's Verified Plea in Abatement and the Court does not consider it here.

## II.   LEGAL STANDARD

### A.   Removal Jurisdiction

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could

have originally been filed in federal court." *Anderson v. Am. Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988); *see also Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Ins. Co.*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy*, 855 F.2d at 1164.

There are two principal bases upon which a district court may exercise removal jurisdiction: the existence of a federal question and complete diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331, 1332. Here, the removing Defendant has alleged only diversity of citizenship as a basis for this Court's jurisdiction. *See* Notice Removal ¶ 8, ECF No. 1. Courts can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if: (1) the parties are of completely diverse citizenship; and (2) none of the properly joined defendants is a citizen of the state in which the case is brought.[1] *See* 28 U.S.C. § 1441(b). If a non-diverse party is present in the action, the court may lack jurisdiction based on improper joinder.

B.   **Improper Joinder**

The doctrine of improper joinder is a narrow exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum if the in-state defendants were improperly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "[A] nondiverse defendant has been improperly joined if the plaintiff has failed to state a claim against that defendant on which relief *may* be granted." *Int'l Energy Ventures Mgmt.,*

---

[1] Neither party disputes that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been met in this case.

*L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). However, "if the plaintiff has stated a claim against a nondiverse defendant on which relief *may* be granted, a federal court is without . . . *diversity* jurisdiction [] over that claim and, by extension, over any claims." *Id.* To establish that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 205; *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).

The burden of demonstrating fraudulent joinder is a heavy one. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). At issue here is the second method of proving improper joinder, which requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 207 (quoting *Smallwood*, 358 F.3d at 573). In doing so, a federal court must apply the federal pleading standard. *Id.* at 202 ("[T]he improper-joinder analysis in the context of removal and remand is solely about determining the federal court's jurisdiction . . . . When determining the scope of its own jurisdiction, a federal court does so without reference to state law, much less state law governing pleadings."). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573

### III. ANALYSIS

Security moved for remand on the grounds that: (1) Lexington had not properly pleaded diversity jurisdiction between Security and Lexington; and (2) Hollmuller was properly joined,

thus defeating diversity jurisdiction. Mot. Remand 3–5, ECF No. 7. Security abandoned the first argument in its reply. Reply Mot. Remand 2, ECF No. 12. Therefore, the Court only considers whether Hollmuller is improperly joined. The question before the Court is whether Lexington has carried its burden to show that there is "no reasonable basis . . . to predict that [Security] might be able to recover against [Hollmuller]." *Smallwood*, 385 F.3d at 573.

Security need only satisfy a 12(b)(6)-type analysis for one claim against Hollmuller in order to defeat diversity jurisdiction. Therefore, the Court first considers whether Security has stated a claim against Hollmuller under the Texas Insurance Code.

There is a split within this circuit regarding which provisions of the Texas Insurance Code provide a cause of action against adjusters. It is clear that Texas law recognizes suits against insurance adjusters in their individual capacities under the Texas Insurance Code. Tex. Ins. Code § 541.002(2). The Texas Supreme Court has "held that '[t]he business of insurance includes the investigation and adjustment of claims and losses.'" *Roach v. Vehicle*, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016) (Fish, J.) (citing *Centaurus Unity v. Lexington Ins. Co.*, 766 F. Supp. 2d 780, 787 (S.D. Tex. 2011); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998)). The Fifth Circuit has also held that an adjuster who services insurance policies for an insurer engages in the business of insurance, is subject to the Texas Insurance Code, and may be liable under it. *Roach*, 2016 WL 795967, at *4 (citing *Gasch v. Hartford Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007) (collecting cases holding that individual adjusters are subject to the Texas Insurance Code)). Likewise, "the Texas Insurance Code allows an insured to file a claim through its tie-in statute, for deceptive acts or practices listed in Section 17.46(b) of the DTPA." *Roach*, 2016 WL 795967, at *4 (citing Tex. Bus. & Com. Code § 17.46(b); Tex. Ins. Code § 541.151(2)).

From this, numerous courts have concluded that while an insurance adjuster may not be held personally liable for engaging in an unfair settlement practice under every provision of the Texas Insurance Code, an individual adjuster may be held liable under § 541.060(a)(2). *Gasch*, 491 F.3d at 282; *Roach*, 2016 WL 795967, at *5; *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F. Supp. 2d 736, 741 (S.D. Tex. 2010) ("Moreover, insurance adjusters are liable for their own conduct where it violates the Insurance Code."); *Denley Grp., LLC v. Safeco Ins. Co. of Ind.*, No. 3:15-cv-1183-B, 2015 WL 5836226, at *3–4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, No. 3:13-CV-0741-M, 2013 WL 6065414, at *2–3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, No. 3:14-CV-2416-L, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.). Other recent decisions, however, have held that § 541.060(a)(2) does not apply to insurance adjusters personally. *See Messersmith v. Nationwide Mutual Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (Solis, J.), *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016) (Fitzwater, J.); *Mainali Corp. v. Covington Specialty Ins. Co.*, No. 3:15-CV-1087-D, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.); *Together 6, LLC v. Burlington Ins. Co.*, No. 4:15-CV-064-Y, 2015 WL 11120522, at *3 (N.D. Tex. Apr. 22, 2015) (Means, J.).

It is clear that there is a legitimate split on the application of § 541.060(a)(2). However, as the section can reasonably be read to apply to individual adjusters personally, the Court concludes doubt weighs in favor of remand. *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *3; *Roach*, 2016 WL 795967, at *6 ("[I]n the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under the Texas Insurance Code must be

resolved in favor of remand."). Therefore, the Court engages in its 12(b)(6)-type analysis of Security's § 541.060(a)(2) claim against Hollmuller.

Security alleges that Hollmuller, not Lexington, failed to prepare any estimates or scopes of damages to the property; falsely represented coverage for the damage; and retained an engineer who inadequately assessed the damage to the property. Orig Pet. 6, ECF No. 1-3. Security also alleges that "Hollmuller did not provide updates to Security, prolonging and delaying any claims resolution," which forced Security to retain its own consultants. Section 541.060(a)(2) provides a claim for "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of" a claim. Tex. Ins. Code § 541.060(a)(2). The Court finds that Security's allegations of delay and inadequate estimates provide a reasonable basis for concluding that Security might recover against Hollmuller for failing to effectuate a fair settlement of a claim. *See Smallwood*, 385 F.3d at 573 (requiring a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant").

Lexington's claim that Security's Original Petition bears "a badge of improper joinder" does not alter the Court's analysis. *See* Resp. Mot. Remand 9–10, ECF No. 12. Lexington relies upon *Plascencia v. State Farm Lloyds* for the proposition that it is a badge of improper joinder for Security to sue an individual adjuster, when "[t]here is no credible reason why a favorable judgment . . . against Lexington (if warranted) would fail to afford Plaintiff full and complete relief." Notice of Removal 8, ECF No. 1 (citing *Plascencia*, No. 4:14-CV-524-A, 2014 WL 11474841, at *7 (N.D. Tex. Sept. 25, 2014) (McBryde, J.). However, Lexington ignores the other badges of improper joinder identified by the *Plascencia* court, and the court's admonition that it was "not treating any one of the badges of improper joinder as determinative." *Plascencia*, 2014 WL 11474841, at *7. Here, unlike in *Plascencia*, Lexington has not alleged that Hollmuller was

7

not served, nor has Lexington shown that the Original Petition is a boilerplate copy of other pleadings filed by Security's counsel in other cases. *See Plascencia*, 2014 WL 11474841, at *7. The single badge of improper joinder alleged by Lexington, even if found, would not be enough to defeat the Court's conclusion that Security has stated a claim against Hollmuller.

Therefore, because Hollmuller is a Texas citizen for purposes of 28 U.S.C. § 1332 and Security has stated a claim for relief against Hollmuller under Texas Insurance Code § 541.060(a)(2), complete diversity does not exist between all parties and the Court must remand this action. *Int'l Energy Ventures Mgmt., L.L.C.*, 2016 WL 1274030, at *9 ("The presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

## V.     CONCLUSION

Based on the foregoing, Security's Motion to Remand (ECF No. 7) is hereby **GRANTED**. As this Court lacks subject matter jurisdiction over this case, Lexington's Verified Plea in Abatement (ECF No. 5) is **DENIED as moot**.

This case is **REMANDED** to the **43rd District Court of Parker County, Texas**. The clerk shall mail a certified copy of this order to the district clerk of Parker County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED** on this **22nd day** of **December, 2016.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE